UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ZELTIQ AESTHETICS, INC.,

    Plaintiff/Counter-Defendant,

v.                                                                      Case No:   2:16-cv-792-FtM-38MRM

POBRA ENTERPRISES, LLC,
NAPLES POBRA LLC, JOHN
BRANNELLY, MICHAEL A. POKA,
ANDREA BASILE,

    Defendants, Counter-
      Plaintiffs,

JOHN DOE CORPORATIONS,
JOHN DOE ENTITIES and JOHN
DOES 1-50,

    Defendants.
_____/

### **ORDER**[1]

This matter comes before the Court on the Stipulated Entry of Permanent Injunction (Doc. 71) filed on July 19, 2017.  This is a trademark infringement case wherein the parties successfully mediated all claims and counterclaims, leading to an agreed upon permanent injunction, the terms of which are outlined in Doc. 71.  Federal Rule of Civil

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Procedure 41(a)(1)(A), allows a plaintiff to dismiss a case without a court order. The Rule reads in pertinent part:

> Subject to Rules 23(e), 23.1, 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> A notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> A stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

In this instance, the Parties inform the Court that the case has been settled and that they agree to a permanent injunction. As such, the Court construes the stipulation signed by all parties as one for dismissal and entry of judgment and a permanent injunction.[2] The Court will enter the permanent injunction under separate cover. Although the parties request the Court to maintain jurisdiction over the matter, the Court elects not to do so. Although Plaintiff does not address whether it will continue to pursue claims against Defendants John Doe Corporations, John Doe Entities, and John Does 1-50, the Court will dismiss these Defendants and direct the Clerk to terminate them from this matter as the John Doe Defendants have not been served with process, nor identified, and the time for service has expired.

Accordingly, it is now

**ORDERED:**

(1) The Stipulated Entry of Permanent Injunction (Doc. 71) is **GRANTED**. This case is **dismissed with prejudice**. The Clerk of the Court is directed to enter judgment

---

[2] Indeed, the last paragraph of the stipulation states that it is a "Stipulated Final Judgment and Permanent Injunction."

accordingly, terminate any pending motions, and close the file.  The Court will enter the permanent injunction under separate cover.

(2) The Clerk is directed to **terminate** John Doe Corporations, John Doe Entities, and John Does 1-50 as party-Defendants.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of July, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3